IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| | ) | COMPLAINT |
| NORTHLAKE FOODS, INC. d/b/a WAFFLE HOUSE | ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | INJUNCTIVE RELIEF SOUGHT |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Heather A. Yebba ("Ms. Yebba") who was adversely affected by such practices. As stated with greater particularity in paragraph 7, the Commission alleges that Ms. Yebba was subjected to sexual harassment by a regular customer of the Defendant's Waffle House restaurant #43. The Commission further alleges that the Defendant knew or should have known of the sexual harassment, but failed to take prompt, remedial action. As a result of Defendant's failure to take appropriate corrective action, Ms. Yebba was constructively discharged from her employment.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Northlake Foods, Inc. d/b/a Waffle House has continuously been doing business in the State of Florida and the City of Tampa, and has continuously had at least 15 employees.

5. At all relevant times, Northlake Foods, Inc. d/b/a Waffle House has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Heather A. Yebba, filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December of 2003, Defendant Employer engaged in unlawful employment practices at its Tampa, Florida location #43 in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a).

   a. A regular customer of the Defendant's Waffle House restaurant #43 subjected Ms. Yebba to repeated, daily sexual harassment. The harassment included,

        but was not limited to, the regular customer repeatedly asking Ms. Yebba to go out with him; to marry him; asking her to leave her boyfriend; telling her that if she moved in with him, he would buy her a boat; and asking her for her home address.  Further, the regular customer sexually harassed Ms. Yebba by sitting at the restaurant counter for hours and staring at her, looking at her through the restaurant glass window, and sitting in his van in the parking lot and watching Ms. Yebba through binoculars.

    b.    Ms. Yebba complained repeatedly regarding the sexual harassment to Defendant's management officials.  Although Defendant knew or should have known of the sexual harassment, Defendant failed to take prompt, remedial action

    c.    As a result of the continued harassment and Defendant's failure to take prompt, remedial action, Ms. Yebba was constructively discharged from her employment.

8.     The effect of the conduct complained of in paragraph 7 above has been to deprive Ms. Yebba of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9.     The unlawful employment practices complained of in paragraph 7 above were intentional.

10.     The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Ms. Yebba.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B. Order Defendant, to institute and carry out policies, practices, and programs which provide equal employment opportunities for females, and which eradicate the effects of its past unlawful employment practices.

C. Order Defendant to make whole Heather A. Yebba by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Heather A. Yebba by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including out of pocket losses in amounts to be determined at trial.

E. Order Defendant to make whole Heather A. Yebba by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendant to pay Heather A. Yebba punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public

interest.

      H.     Award the Commission its costs in this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

ERIC S. DRIEBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

s/ Carla J. Von Greiff
CARLA J. VON GREIFF
Senior Trial Attorney
Florida Bar No. 0110566
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
501 East Polk Street
Suite 1000
Tampa, Florida 33602
Tel. (813) 228-2020
Fax (813) 228-2045
Carla.vongreiff@eeoc.gov