IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

         Plaintiff,

      v.                          Case No.:  8:04-cv-2156-T-23EAJ

NORTHLAKE FOODS, INC.
d/b/a WAFFLE HOUSE,

         Defendant.

_____/

## DEFENDANT NORTHLAKE FOODS, INC.'S
## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Northlake Foods, Inc. d/b/a Waffle House ("NLF"), by and through undersigned counsel, and under Federal Rule of Civil Procedure 12(a)(1)(A), hereby files Defendant Northlake Foods, Inc.'s Answer and Affirmative Defenses to Complaint, and states as follows:

### Answer

NLF responds to the specifically enumerated paragraphs in the Complaint as follows:

### Nature of the Action

[Unnumbered paragraph.]  Admitted this is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, but denied any unlawful employment practices were committed by NLF, or that Heather A. Yebba is

entitled to any relief whatsoever.  The remaining allegations in the "Nature of the Action" paragraph are denied.

Jurisdiction and Venue

1.      Admitted this Court has subject-matter jurisdiction over this action, but denied Plaintiff satisfied the conditions precedent for this action.  Admitted this action is brought under Section 706(f)(1) and (3) of Title VII, and that Plaintiff seeks damages under Section 102 of the Civil Rights Act of 1991.

2.      Admitted venue is proper in this Court, but denied any unlawful employment practices occurred.

Parties

3.      Admitted.

4.      Admitted.

5.      Admitted.

Statement of Claims

6.      Admitted that more than thirty days prior to the commencement of this action, Ms. Yebba filed a charge with Plaintiff alleging a violation of Title VII by NLF. Denied, however, that NLF violated Title VII.  NLF denies the remaining allegations in Paragraph 6 of the Complaint.

7.      Denied.

8.      Denied.

9.      Denied.

10.      Denied.

11.    Denied Plaintiff is entitled to any of the relief requested in the ad damnum clause following Paragraph 10 of the Complaint, or to any relief whatsoever.

### Jury Trial Demand

Denied Plaintiff is entitled to a jury trial on all questions of fact.  Plaintiff is not entitled to a jury trial on equitable issues.

### To All Counts

NLF denies each and every allegation not admitted herein, and denies each and every inference of wrongdoing.

### **Affirmative Defenses**

The following affirmative defenses are raised by NLF without waiver of any other defenses that may be available to NLF, and NLF specifically reserves the right to raise any affirmative defenses available to it at any time during the pendency of these proceedings, including any and all defenses that may come to light through discovery or otherwise.

### First Affirmative Defense

Plaintiff is statutorily barred from recovering compensatory or punitive damages in excess of the amounts specified in 42 U.S.C. § 1981a.

### Second Affirmative Defense

Plaintiff is not entitled to an award of back pay or front pay for Ms. Yebba because Ms. Yebba voluntarily ceased employment with NLF.

Third Affirmative Defense

Ms. Yebba has (and had) an obligation to mitigate any alleged damages, including seeking alternative employment, and Plaintiff cannot recover any amounts that could have been avoided by Ms. Yebba but were not.

Fourth Affirmative Defense

Any earnings received by Ms. Yebba after her separation from employment with NLF must be deducted from any back-pay award.

Fifth Affirmative Defense

Any anticipated earnings by Ms. Yebba after judgment must be deducted from any front-pay award.

Sixth Affirmative Defense

To the extent any of NLF's managerial agents failed to take prompt, effective, remedial action, NLF cannot be subject to punitive damages for such failure because such failure would have been contrary to NLF's good-faith efforts to comply with Title VII.

Seventh Affirmative Defense

NLF took prompt, effective, remedial action with respect to any alleged harassment.

Eighth Affirmative Defense

NLF cannot be found to have had constructive knowledge of any alleged harassment because NLF had a valid, effective, and well-disseminated policy prohibiting harassment and Ms. Yebba failed to take advantage of the policy.

Ninth Affirmative Defense

Ms. Yebba, by failing to promptly complain of any alleged harassment, failed to mitigate her damages, and Plaintiff cannot recover for any damages that could have been avoided by Ms. Yebba had she promptly complained.

Tenth Affirmative Defense

Plaintiff failed to satisfy the conditions precedent to this action inasmuch as Plaintiff did not conduct an adequate investigation of Ms. Yebba's charge of discrimination so as to determine whether there was reasonable cause to believe that the charge was true.

Eleventh Affirmative Defense

Plaintiff cannot establish a claim for constructive discharge because Ms. Yebba failed to provide NLF with an opportunity to correct any alleged harassment.

Twelfth Affirmative Defense

Plaintiff is equitably estopped or otherwise precluded from asserting that NLF did not take prompt, effective, remedial action with respect to any alleged harassment, because Ms. Yebba informed NLF that the proposed action was acceptable to her.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Complaint, NLF respectfully requests that:

a. Plaintiff's claims be dismissed with prejudice in their entirety;

b. Each and every prayer for relief in Plaintiff's Complaint be denied;

c. Judgment be entered in favor of NLF;

d.   All costs be awarded to NLF as "prevailing party";

e.   NLF's attorney's fees incurred in defending this action be awarded to NLF as "prevailing party" and on the grounds that this action is frivolous, unreasonable, and without foundation; and

f.   The Court grant Defendant such other and further relief as it deems just and appropriate.

Respectfully submitted,


s/Daniel P. O'Gorman
Thomas C. Garwood, Jr.
Florida Bar No. 137120
Trial Counsel
Daniel P. O'Gorman
Florida Bar No. 0054062
Ford & Harrison LLP
300 South Orange Avenue, Suite 1300
Orlando, Florida 32801
Telephone: 407-418-2300
Facsimile: 407-418-2327

Kelly Chanfrau
Florida Bar No. 0560111
Ford & Harrrison LLP
101 East Kennedy Boulevard, Suite 900
Tampa, Florida 33602
Telephone: 813-261-7800
Facsimile: 813-261-7899

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2004, I electronically filed *Defendant Northlake Foods, Inc.'s Answer and Affirmative Defenses to Complaint* with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: *Eric S. Drieband, Esquire, James L. Lee, Esquire, Gwendolyn Young Reams, Esquire, Delner Franklin-Thomas, Esquire,* and *Carla J. Von Greiff, Esquire,* United States Equal Employment Opportunity Commission, 501 East Polk Street, Suite 1000, Tampa, Florida 33602.  I also certify that on October 29, 2004, I sent by U.S. Mail a copy of the foregoing to *Michael Farrell, Esquire,* and *Maritza I. Gomez, Esquire,* United States Equal Employment Opportunity Commission, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2700, Miami, Florida 33131.

s/Daniel P. O'Gorman
Daniel P. O'Gorman

Orlando:73639.1