UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

AND

HEATHER YEBBA,                                          CASE NO.: 8:04CV2156-T23EAJ
Intervening Plaintiff

vs.

NORTHLAKE FOODS, INC.,
d/b/a WAFFLE HOUSE
Defendant.
_____/

## COMPLAINT IN INTERVENTION

Plaintiff, HEATHER YEBBA, sues Defendant, NORTHLAKE FOODS, INC., d/b/a WAFFLE HOUSE, INC, and states as follows:

## GENERAL ALLEGATIONS

1. Defendant, Northlake Foods, Inc. d/b/a Waffle House ("Waffle House"), is a foreign Corporation engaged in business in Hillsborough County, Florida.

2. Intervening Plaintiff, Heather Yebba (referred to herein as "Plaintiff" or "Intervening Plaintiff"), is a former employee of Waffle House and is a resident of Hillsborough County, Florida.

3. At all times relevant, Heather Yebba was an employee of Waffle House located at 509 N. Westshore Blvd., Tampa, Florida 33609 in Tampa, Hillsborough County, Florida.

4. Plaintiff, U.S. Equal Opportunity Commission (EEOC), has instituted the

original action against Waffle House in its behalf and on behalf of Plaintiff, Heather Yebba. Heather Yebba is entitled to intervene pursuant to U.S. Code.

### Count I
### Discrimination – Title VII

5. Heather Yebba realleges allegations 1-4 as if fully alleged herein.

6. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq*). This court has jurisdiction and such jurisdiction is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunction and other relief for illegal discrimination in employment.

7. At all times relevant hereto, Defendant engaged in an industry affecting commerce and employed more than fifteen (15) regular employees.

8. At all times relevant hereto, Heather Yebba's performance was more than satisfactory.

9. From the time of Heather Yebba's hire through the time she was constructively discharged on January 11, 2004, a customer of Waffle House stalked Heather Yebba at her place of employment and subjected Heather Yebba to repeated daily sexual harassment which was both objectively and subjectively severe and pervasive and which affected the terms and conditions of her employment. Said harassment included but was not limited to the following:

   a. Having the customer repeatedly ask Heather Yebba to go out with him, marry him, ask her to be his girlfriend, offer her a boat if she moved in with him, repeatedly ask for her address and ask her to leave her boyfriend and move in with him.

b.      Having the customer sit at the counter for hours on end without ordering food, leering at Heather Yebba in an overtly threatening manner.

c.      Having the customer stalk Heather Yebba at her place of employment. The customer would sit in his van in the Waffle House parking lot staring at Heather Yebba through his binoculars.

d.      All of these advances and harassing treatment were unwelcome and were objected to by Heather Yebba each time they occurred.

10.     The customer's stalking and daily harassment frightened Heather Yebba who was in fear for her safety.  Each time Heather Yebba told the customer to stop, he either leered at her, laughed at her, refused her request or a combination of each.

11.     Heather Yebba repeatedly complained to the Waffle House store manager and to the Waffle House assistant store manager throughout the time the stalking and harassment was occurring including telling Waffle House management that she was in fear.  Rather than assist her or put a stop to the stalking and harassment, Waffle House management told Heather Yebba that Waffle House would do nothing because Waffle House policy forbade them from refusing service to a customer.  Moreover, Waffle House refused to issue a trespass warning against the customer or to allow Heather Yebba to do the same.

12.     In the days that followed, Ms. Yebba regularly requested management to put a stop to the harassment.  Management refused.  While Manager Izzy Adams told Ms. Yebba that she would call corporate to get permission to keep the customer from trespassing, she never did.  Moreover, Ms. Adams refused to give Ms. Yebba the phone number for the corporate office, instead telling Ms. Yebba the call had to come from

management.

13. Although Waffle House knew or should have known of the ongoing harassment against Heather Yebba, it refused or otherwise failed to take prompt remedial action to protect Heather Yebba and/or to end the harassment.

14. The next time the harassing customer came in, he sat at Heather Yebba's counter for over two hours, staring and leering at Heather Yebba in an overtly threatening manner. Because Ms. Yebba was clearly frightened, co-worker (cook) Derrick phoned assistant manager Al Mejias and told him what was happening and that Ms. Yebba was in fear for her safety. Derrick asked Mr. Mejias if he could order the customer out. Mr. Mejias responded that he had to call store manager Izzy Adams.

15. Derrick next called Izzy Adams explaining the situation and the fact that Ms. Yebba was in fear. Derrick asked Ms. Adams if he could order the customer out of the store. Ms. Adams asked to speak with Ms. Yebba.

16. Heather Yebba spoke to Ms. Adams, explained her fears and asked what could be done to protect her from the stalking customer. Ms. Adams apologized and said nothing could be done.

17. When it became clear that Waffle House would do nothing to protect her from the customer that had been stalking her, Ms. Yebba became convinced that she had no choice but to leave the store in order to protect her safety.

18. One or two days after leaving the store for her own safety, Heather Yebba asked Assistant Manager Mejias about her job status. Mr. Mejias told Ms. Yebba that she was terminated for leaving her work station and that she was not eligible for rehire.

19. Throughout the time the discrimination alleged in paragraphs 9-18 was

occurring, Heather Yebba repeatedly told management that she was being harassed, feared for her safety and repeatedly demanded that Waffle House take action to stop the harassment. Waffle House only ignored Heather Yebba's demands for protection.

20. The allegations in Paragraph 9 through 19 above represent only a fraction of the inappropriate comments and conduct directed toward Heather Yebba.

21. Waffle House, through its agents or supervisors, engaged in a pattern and practice of unlawful sex discrimination by subjecting Plaintiff to hostile treatment in violation of Title VII of the Civil Rights Act of 1964, as amended ("Titled VII").

22. The above described unwelcome sex discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Heather Yebba's emotional well being.

23. Waffle House, at all times relevant hereto, had actual and constructive knowledge of the conduct described in paragraphs 9-20.

24. On numerous occasions Ms. Yebba informed management of the discrimination and hostility, however nothing was done by Waffle House to end the discrimination and hostility.

25. As a result of the hostile and offensive work environment perpetrated by Defendant and maintained by Defendant's failure to protect Plaintiff from further discrimination and hostility, Plaintiff suffered severe emotional distress.

26. Waffle House violated Title VII by failing to protect Heather Yebba from harassment and by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of its managers as described in paragraphs 9 through 20.

27. Waffle House failed to comply with its statutory duty to take all responsibility and necessary steps to eliminate sexual discrimination from the workplace and to prevent it from occurring in the future.

28. Heather Yebba is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Waffle House, has engaged in other discriminatory practices against her which are not yet fully known. At such time as said discriminatory practices become known to her, Heather Yebba will seek leave of Court to amend this Complaint in that regard.

29. Heather Yebba has filed a charge of sex harassment and discrimination with the EEOC against Waffle House. A true and correct copy of the charge is attached hereto as Exhibit "A", and incorporated herein by reference. The EEOC found in favor of Plaintiff finding reasonable cause to believe that harassment and discrimination had occurred. Said Cause Finding is attached hereto as Exhibit "B". Within ninety (90) days of the filing of the EEOC's Complaint, the EEOC issued a Right-to-Sue Notice authorizing this lawsuit. A true and correct copy of the Notice is attached hereto as Exhibit "C", and incorporated herein by reference. Plaintiff has exhausted her administrative remedies.

30. As a direct and proximate result of Waffle House's willful, knowing and intentional discrimination against her, Heather Yebba has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional distress and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

31.     As a further direct and proximate result of Waffle House's violations of Title VII, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorney's fees be awarded pursuant to Federal law.

32.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with fraud, oppression and malice, with a conscious disregard for her rights, and with the intent, design and purpose of injuring her. Plaintiff is further informed and believes that Waffle House, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

33. Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this court award judgment in her favor against Waffle House for compensatory damages, punitive damages, pre and post judgment interest, attorney's fees,

### Count II
### Discrimination – Chapter 760

34. This is an action brought pursuant to Florida Statute Section 760 § *et seq.*

("Chapter 760"). This court has pendent jurisdiction over said action.

35. Heather Yebba realleges allegations 1-4 and 7-28 as if fully alleged herein.

36. Florida Law has recognized violations of Title VII as violations of Chapter 760. Therefore all allegations herein alleging violations of Title VII allege violations of Chapter 760.

37. Heather Yebba has filed charges of sex discrimination with the Florida Commission on Human Relation ("FCHR") against Waffle House. A true and correct copy of the charge, which was filed concurrently with the EEOC, is attached as Exhibit "A". Over 180 days have passed without determination by the FCHR and Plaintiff has exhausted her administrative remedies.

38. As a direct and proximate result of Waffle House's willful, knowing and intentional discrimination against her, Heather Yebba has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional distress, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

39. As a further direct and proximate result of Waffle House's violation of Chapter 760, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff, who therefore will seek leave of Court to amend this Complaint in that regard when the same shall be fully and finally ascertained. Plaintiff requests that attorneys' fees be awarded

pursuant to State law.

40. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with fraud, oppression and malice, with a conscious disregard for her rights, and with the intent, design and purpose of injuring her. Plaintiff is further informed and believes that Waffle House, through its officers, managing agents and/or its supervisors, authorized, condoned and/or ratified the unlawful conduct described herein. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Defendant in a sum according to proof at trial.

41. Plaintiff demands trial by jury on all issues so triable.

Wherefore, Plaintiff prays this court award judgment in her favor against Waffle House for damages, punitive damages, pre and post judgment interest, attorney's fees, costs and such other relief as this court deems proper.

Respectfully Submitted,

 s/ James M. Thompson
JAMES M. THOMPSON, ESQUIRE
Nelson, Bisconti & Thompson, L.L.C.
718 W. MLK Boulevard, Suite 200
Tampa, Florida 33603-3104
(813) 221-0999 • (813) 314-9626 Fax
FBN: 861080
Attorney for the Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail to Maritza Gomez, Esquire, EEOC, One Biscayne Tower, Two S. Biscayne Blvd., Suite 2700, Miami, Florida, 33131, Thomas C. Garwood, Jr., Esquire and Daniel P. O'Gorman. Esquire, 300 South Orange Avenue, Suite 1300, Orlando, Florida 32801 and Kelly Chanfrau, Esquire, 101 E. Kennedy Boulevard, Suite 900, Tampa, Florida 33602, on this 5th day of November, 2004.

 s/ James M. Thompson
JAMES M. THOMPSON, ESQUIRE
Nelson, Bisconti & Thompson, L.L.C.
718 W. MLK Boulevard, Suite 200
Tampa, Florida 33603-3104
(813) 221-0999 • (813) 314-9626 Fax
FBN: 861080
Attorney for the Plaintiff