UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION and
HEATHER YEBBA,

    Plaintiffs,

vs.                                             CASE NO.  8:04-cv-2156-T-23EAJ

NORTHLAKE FOODS, INC.,
d/b/a WAFFLE HOUSE

    Defendant.
_____/

## ORDER REFERRING CASE TO MEDIATION

In accord with Chapter Nine of the Rules of the United States District Court for the Middle District of Florida:

    (a)     <u>Referral to Mediation</u>:  This case is referred to mediation.  The Court appoints **Peter J. Grilli**, 3001 West Azeele Street, Tampa, Florida  33609, (813) 874-1002, as mediator.

    (b)     <u>Conduct of Mediation Conference</u>:  The mediation shall be conducted in accord with this Order, the Local Rules regarding mediation, and the procedures outlined in the attachment to this Order.  **Compliance with this order is <u>not</u> satisfied by any other attempt of the parties to resolve this matter through mediation or other mechanism for dispute resolution.**

    (c)     <u>Scheduling Mediation Conference</u>:  The mediation shall be conducted **on or before April 29, 2005**.

    (d)     <u>Designation and Responsibility of Lead Counsel</u>:  **Carla Johanna Von Greiff** is designated as lead counsel and shall consult both the mediator and other counsel to coordinate the date and time of the mediation.  **Within twenty (20) days of**

**this order, lead counsel shall file a Notice of Mediation with the Clerk giving the agreed date and time of mediation.  Once scheduled, the agreed date for the mediation conference shall operate as the mediation deadline in lieu of the date set forth in paragraph (c) above.  <u>Extension of the mediation deadline requires leave of Court.</u>  Before moving for an extension of the mediation deadline, the movant shall consult both the mediator and opposing counsel to determine an agreed date and time for the mediation, if rescheduled.  In accord with Local Rule 3.01(g), a motion for an extension of the mediation deadline shall include, along with the proposed mediation date and time, a statement certifying that the movant has conferred with opposing counsel and stating whether counsel agree on the resolution of the motion.**  Because the Court expects diligence and good faith from the parties, a motion for extension of the mediation deadline is increasingly disfavored as the mediation deadline approaches.

  (e) <u>General Rules Governing the Mediation Conference</u>:  Although mediation is defined in greater detail in Chapter Nine of the Local Rules and the attachment to this Order, the following additional guidelines are imposed upon the mediation:

   (1) <u>Case Summaries</u>:  Not later than five (5) working days prior to the scheduled mediation conference, each party shall mail directly to the Mediator and opposing counsel a brief written summary of the facts and issues of the case.  These summaries shall be treated by the mediator as confidential communication, and shall not be incorporated into the public records of this case.

   (2) <u>Identification of Corporate and/or Claims Representatives</u>:  As part of the written case summaries, counsel for corporate parties, municipalities and claims professionals shall state the name and general job description of the representatives for the corporation or municipality who will attend and participate on behalf of the corporate party.

   (3) <u>Authority of the Mediator</u>:  The Mediator shall have authority to consult and conduct conferences and private caucuses with counsel, individual

parties, corporate and municipal representatives and claims professionals, to suggest alternatives, analyze issues, question perceptions, stimulate negotiations, and keep order. The mediation shall continue until adjourned by the mediator. No participant may compel the early conclusion of a mediation because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation. In order to coordinate the mediation conference, the mediator may set an abbreviated scheduling conference prior to scheduled mediation.

(4) <u>Authority to Declare Impasse</u>: Although the average mediation usually takes between 3-5 hours, participants shall be prepared to remain until the Mediator declares an impasse.

(5) <u>Attendance</u>: Each attorney acting as lead counsel and every party (or the designated representative with full authority to settle) shall attend the mediation. Absent extraordinary circumstances, this requirement will not be waived. Any requests with regard to attendance shall be directed to the Court.

(6) In any Track Three case, other complex or protracted case, or case involving multiple parties, the mediator has the authority to conduct the mediation in a series of sessions and in groups of parties.

(f) <u>Compensation of the Mediator</u>: The Mediator shall be compensated at the mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, shall be borne equally by all parties and payable immediately upon the conclusion of mediation. Upon motion of the prevailing party, the Mediator's compensation may be taxed as a cost in the instant action. The parties shall comply with any reasonable cancellation policy established by the mediator.

(g) Not later than ten (10) days from the date of this Order, any party may file and serve written objections to this Order. The absence of any such objection shall constitute acknowledgment and consent to the terms of this Order.

ORDERED in Tampa, Florida, on January 11, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Attachment