UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
        Plaintiff,

and

**HEATHER YEBBA,**

        Intervening Plaintiff,

   v.

**NORTHLAKE FOODS, INC.** d/b/a **WAFFLE HOUSE**,
        Defendant.
_____/

Case No: 8:04-CV-2156-T-23EAJ

## ORDER

Before the court is Plaintiff United States Equal Employment Opportunity Commission's ("EEOC") **Motion to Compel Financial Worth Discovery and Incorporated Memorandum of Law** (Dkt. 19) and the response of Defendant Northlake Foods, Inc. d/b/a Waffle House ("NLF")(Dkt. 20).

Consistent with Fed. R. Civ. P. 37, EEOC seeks an order requiring NLF to produce documents responsive to EEOC's Request for Production No. 1-10. Items 1-10 concern NLF's financial worth. EEOC contends that NLF's financial worth is relevant to their claim for punitive damages and, therefore, that the information should be produced during discovery.

NLF counters that it should not have to produce such sensitive

financial information unless punitive damages become an issue. Further, NLF contends that EEOC is not entitled to punitive damages Under Title VII or the Civil Rights Act of 1991. Finally, NLF asserts that EEOC's request for information is overbroad because it requests six years of information and should be narrowed in scope.

As the parties point out, there is caselaw on both sides of this issue. There appears to be no binding precedent, however. After considering the arguments presented, the court finds that as the discovery relates solely to punitive damages, the motion to compel should be denied without prejudice to reassert at a later stage of the litigation.[1]

There is no question that evidence of financial worth is admissible in a claim involving punitive damages. <u>See e.g.</u> <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 270 (1981). Recognizing the necessity of financial worth discovery, the trial court may exercise "broad discretion in controlling the timing of discovery." <u>Baine v. Gen. Motors Corp.</u>, 141 F.R.D. 332, 334 (M.D. Ala. 1991).

In the instant case, NLF has a strong interest in maintaining the confidentiality of its corporate financial records at this stage of the proceedings especially as EEOC is a governmental agency. EEOC concedes that the information sought is relevant only

---

[1] This case is still in the discovery phase and no summary judgment motions have yet been filed.

to punitive damages. (Dkt. 19 at 3-4) This court does not need to reach the factual issue of whether the complaint alleges a sufficient basis for punitive damages or what the correct standard is for recovery of punitive damages. At this point EEOC's request for sensitive financial information of Defendant solely for a punitive damages claim should be deferred until it is clear that such a claim will be permitted given the circumstances of this case including the early stage of the litigation, the breadth of the request, and EEOC's status as a public party whose records may be more easily obtained than that of a private party. Without running afoul of the discovery deadline, EEOC may renew its request orally at the final pretrial conference.[2] That should allow it adequate time to review any financial information in advance of trial unless the trial court determines to bifurcate the trial. The undersigned expresses no opinion on the bifurcation issue which is an approach some courts have adopted.

Accordingly, and upon consideration, it is **ORDERED** that:

---

[2] EEOC does not contend that it anticipates the need for deposition discovery on the punitive damages information it seeks from NLF.

EEOC's **Motion to Compel Financial Worth Discovery** (Dkt. 19) is **DENIED without prejudice** this 19th day of July, 2005.

 /s/ Elizabeth A. Jenkins
 ELIZABETH A JENKINS
 United States Magistrate Judge