UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>       Plaintiff,<br><br>and<br><br>HEATHER YEBBA,<br><br>       Intervening Plaintiff,<br><br>  v.<br><br>NORTHLAKE FOODS, INC. d/b/a WAFFLE HOUSE,<br><br>       Defendant. | Case No:. 8:04-cv-2156-T-23EAJ<br><br><br>**DISPOSITIVE MOTION** |

**DEFENDANT NORTHLAKE FOODS, INC.'S
MOTION FOR SUMMARY JUDGMENT**

Defendant, Northlake Foods, Inc. ("NLF"), by and through undersigned counsel, and under Federal Rule of Civil Procedure 56(b), files its Motion for Summary Judgment, and states as follows:

1.      On September 28, 2004, the United States Equal Employment Opportunity Commission ("EEOC") commenced this civil action against NLF alleging NLF violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17.  (Doc. 1.) The EEOC alleges that Heather Yebba, a former employee of NLF, was sexually harassed during her employment by an NLF customer, and that NLF's failure to prevent the alleged harassment violated Title VII.  (*Id.* ¶ 7.)

2.      On December 1, 2004, this Court granted permission to Yebba to intervene. (Doc. 9.)  Yebba asserted a claim under Title VII as well as a claim under the Florida Civil Rights Act of 1992, Fla. Stat. §§ 760.01—.11.  (Doc. 7.)  Yebba's claims are based on the same allegations as set forth in the EEOC's Complaint.  (*See id.* ¶¶ 9, 35.)

3.      As set forth more fully in NLF's supporting memorandum of law, NLF is entitled to summary judgment on the EEOC's and Yebba's claims.  The pleadings, depositions, and declarations show that there is no genuine issue as to any material fact and that NLF is entitled to a judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c). Additionally, to the extent NLF is not entitled to a complete summary judgment, NLF is entitled to partial summary judgment on the EEOC's request for injunctive relief because the undisputed evidence is that any alleged violation is unlikely to recur, and, also, any relief the EEOC might obtain is already in place.

4.      NLF is also entitled to its reasonable attorney's fees and costs incurred in defending this action because this action was frivolous, unreasonable, and without foundation.  *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *EEOC v. Sanders Chevrolet, Inc.*, NO. 84-1072-JB, 1984 WL 1119 (D.N.M. Oct. 26, 1984); *see also* Fla. Stat. § 760.11(5).  NLF is also entitled to costs under Federal Rule of Civil Procedure 54(d).

WHEREFORE, NLF respectfully requests that this Court grant summary judgment in NLF's favor and against the EEOC and Yebba, and award it its reasonable attorney's fees and costs incurred in defending this action.

By: s/Daniel P. O'Gorman
Thomas C. Garwood, Jr.
Florida Bar No. 137120
Daniel P. O'Gorman
Florida Bar No. 54062
FORD & HARRISON LLP
300 South Orange Avenue, Suite 1300
Orlando, FL  32801
Telephone: 407-418-2300
Facsimile:  407-418-2327
Attorneys for Defendant
Northlake Foods, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 29, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: *Muslima Lewis, Esquire,* United States Equal Employment Opportunity Commission, Miami District Office, One Biscayne Tower, 2 Biscayne Blvd., Suite 2700, Miami, Florida 33131; *James M. Thompson, Esquire,* Nelson, Bisconti & Thompson, L.L.C. 718 W. MLK Boulevard, Suite 200 Tampa, Florida 33603-3104.


s/Daniel P. O'Gorman
Daniel P. O'Gorman

Orlando:88564.1